# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-61197

| | |
|---|---|
| CDK VENTURES LLC, in its capacity as the "Seller Representative,"<br><br>    Plaintiff,<br><br>v.<br><br>AL MONSERRAT, an individual residing in Florida,<br><br>    Defendant. | |

## COMPLAINT

Plaintiff CDK Ventures LLC, in its capacity as the "Seller Representative" ("CDK" or "Plaintiff") hereby complains against Defendant Al Monserrat ("Mr. Monserrat" or "Defendant") and alleges as follows:

## PARTIES

1.  Plaintiff CDK is a Delaware limited liability company. Pursuant to a confidential merger agreement by and among Matrix42 U.S., Inc., Dozer Merger Sub, Inc., FireScope, Inc. and CDK ("the Agreement"), CDK has been designated the Seller Representative to act on behalf of certain shareholders and debtholders with respect to this litigation and other contractual matters involving Defendant.

2.  Defendant Mr. Monserrat is an individual residing in Florida.

## JURISDICTION AND VENUE

3. The present action is a tortious interference claim and related claims arising from Mr. Monserrat's tortious conduct toward CDK in connection with Matrix42 U.S., Inc. and FireScope, Inc.'s obligations under the Agreement.

4. The Court has diversity jurisdiction over this action because Plaintiff is a Delaware limited liability company with no members or managers residing in Florida, and Defendant is an individual residing in Florida. The amount in controversy without interest and costs exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

6. In July 2020, Matrix42 U.S., Inc., Dozer Merger Sub, Inc., FireScope, Inc., and CDK entered into the Agreement. Through the Agreement, FireScope, Inc. became a wholly owned subsidiary of Matrix42 U.S., Inc.

7. CDK was designated the Seller Representative to act on behalf of certain shareholders and debtholders in FireScope, Inc. with respect to contractual matters involving Matrix42 U.S., Inc. and FireScope, Inc. and any other related claims. Matrix42 U.S., Inc. and FireScope, Inc. are referred to herein collectively as the "Purchaser."

8. The Agreement obligates Purchaser to pay an earnout to CDK, based on revenues derived from the sale of certain products (the "FireScope Products"), over a five-year period (the "Earn-Out"). The Agreement establishes certain protections for CDK to ensure Purchaser does not undermine or otherwise attempt to avoid the earnout.

9. The Agreement forbade Purchaser from taking "any action, the primary purpose of which is to reduce" the Earn-Out.

10. Defendant is the Chief Commercial Advisor of an investment fund called Corten Capital.

11. In July 2021, Corten Capital invested in Matrix42 U.S., Inc.'s parent, Matrix42 Service GmbH.

12. Nearly all of Purchaser's employees reported to Matrix Service GmbH.

13. As a result of Corten Capital's investment in Matrix42 Service GmbH, Defendant became aware of the Agreement's prohibition against Purchaser taking actions intended to reduce the Earn-Out.

14. Notwithstanding his knowledge of the terms of the Agreement, beginning in July 2021, Defendant led a concerted scheme to cause Purchaser to avoid earnout payments to CDK through breach of the Agreement.

15. Defendant's actions were unjustifiable and were taken in bad faith, knowing that the actions would harm CDK and be in breach of obligations Purchaser owed to CDK pursuant to the Agreement.

16. Defendant's actions included instructing Purchaser's employees to take actions, the primary purpose of which were to reduce the Earn-Out.  Those actions included: (1) integrating the FireScope products into other products to prevent the attribution of revenue to the FireScope products; (2) discounting the FireScope products and/or giving them away to make other products more attractive; (3) delaying development of the FireScope products; and (4) using the FireScope products as a "Trojan Horse" for legacy products.

17. Purchaser's employees complied with Defendant's instructions to violate the terms of the Agreement.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

18. Defendant acted willfully and deliberately in his efforts to prevent Purchaser's compliance with the terms of the Agreement.

19. Defendant's actions drastically reduced the Earn-Out, resulting in Purchaser's breach of the Agreement.

**CLAIM FOR RELIEF**
(Tortious Interference)

20. Plaintiffs incorporate by reference paragraphs 1 through 19 above.

21. Plaintiff has legal rights under the business relationship with Purchasers, as evidenced by the Agreement.

22. Defendant had knowledge of the business relationship and the existing Agreement between Purchaser and CDK, and he understood the terms and obligations of the Agreement.

23. Defendant, directly and through his agents, intentionally and unjustifiably interfered with the relationship, and caused Purchaser to breach its obligations under the Agreement by, among other things: (1) integrating the FireScope products into other products to prevent the attribution of revenue to the FireScope products; (2) discounting the FireScope products and/or giving them away to make other products more attractive; (3) delaying development of the FireScope products; and (4) using the FireScope products as a "Trojan Horse" for legacy products.

24. CDK has suffered damages as a result of these interferences in an amount to be determined at trial.

25. Because Defendant engaged in intentional misconduct or gross negligence, including conduct that was willful and malicious or taken in reckless disregard of CDK's rights, CDK is entitled to punitive damages.

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 600, CORAL GABLES, FLORIDA 33134 (305) 569-4100

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter judgement in favor of Plaintiff and against Defendant as follows:

1. Damages in an amount to be proven at trial.

2. An award of pre- and post-judgment interest to the maximum extent allowed by law.

3. Punitive damages to the fullest extent allowed by law.

4. Such other and further relief, including equitable relief, as the Court may deem just and proper.

**JURY DEMAND**

A trial by jury is demanded for all issues so triable.


Dated: June 22, 2022                    Respectfully submitted,


                                            **Jeffrey S. Lapin**
Jeffrey S. Lapin, Esq. (Florida Bar #: 993298)
jlapin@ll-lawfirm.com
Lapin & Leichtling, LLP
255 Alhambra Circler, Suite 600
Coral Gables, FL 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000
*Counsel for Plaintiff*